UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA – FAIRBANKS DIVISION

RECEIVED
OCT 08 2025
Clerk, U.S. District Court
Fairbanks, AK

Corrine Biederman, Plaintiff,

v.

Durham School Services, L.P.;
LaSean Willis, Durham School Service Area Manager; ~~LaShawn [Last Name Unknown];~~
Amy Gimigliano, Durham School Service; ~~Amy [Last Name Unknown];~~
April Zuke; Durham School Service HR Director and recruitment;
and Fairbanks North Star Borough School District, Defendants.

## COMPLAINT FOR RETALIATION, DEFAMATION, DISCRIMINATION, AND WRONGFUL TERMINATION

*DEMAND FOR JURY TRIAL*

### I. INTRODUCTION AND NATURE OF THE ACTION

1. This is a civil action brought by Plaintiff, Corrine Biederman, against Durham School Services, L.P., certain individual supervisors, and the Fairbanks North Star Borough School District for unlawful retaliation, defamation, discrimination, and wrongful termination. The Defendants collectively engaged in conduct that violated federal and Alaska state law, resulting in economic and emotional harm to Plaintiff.

### II. PARTIES

2. Plaintiff Corrine Biederman is a resident of Fairbanks, Alaska. She was employed by Durham School Services as a bus driver trainee and performed work under contract with the Fairbanks North Star Borough School District.

3. Defendant Durham School Services, L.P. is a private transportation company that contracts with the Fairbanks North Star Borough School District to provide school bus services in Fairbanks, Alaska.

4. Defendant LaShawn [Last Name Unknown], Defendant Amy [Last Name Unknown], and Defendant April Zuke were supervisors or managers employed by Durham School Services acting under color of company authority.

5. Defendant Fairbanks North Star Borough School District is a public entity located in Fairbanks, Alaska, responsible for oversight of contracted school transportation services.

## III. JURISDICTION AND VENUE

6. Jurisdiction is proper under 28 U.S.C. § 1331 and § 1343, as this action arises under federal law, including Title VII of the Civil Rights Act of 1964, and the Fair Labor Standards Act (FLSA). Supplemental jurisdiction over state law claims is proper under 28 U.S.C. § 1367.

7. Venue is proper in the District of Alaska, Fairbanks Division, pursuant to 28 U.S.C. § 1391(b), as all events occurred in Fairbanks, Alaska.

## IV. FACTUAL BACKGROUND

8. Plaintiff began employment with Durham School Services as a bus driver trainee in Fairbanks, Alaska. During training, she was subjected to discriminatory and inappropriate conduct by trainer Kelly, who asked intrusive questions about Plaintiff's Native identity and medical condition, and later admitted to inquiring about Plaintiff's personal information through her son, who works at the local eye clinic.

9. After Plaintiff raised wage and paycheck concerns, she was met with hostility and false accusations. Supervisors falsely reported to the school district that Plaintiff had 'yelled, screamed, and physically threatened' others, which was demonstrably false and contradicted by recordings Plaintiff retained.

10. Based on these false reports, the school district banned Plaintiff from employment on district property, effectively terminating her position and preventing her from completing her CDL certification, which she was within two hours of finishing.

11. Plaintiff's termination and defamation caused loss of income, emotional distress, reputational harm, and career damage.

## V. CAUSES OF ACTION

**Count I – Retaliation (Fair Labor Standards Act and Alaska Wage and Hour Act)**

12. Defendants retaliated against Plaintiff for engaging in protected activity by raising concerns about unpaid wages and unfair training practices.

**Count II – Defamation (Alaska Common Law)**

13. Defendants made and published false statements alleging that Plaintiff engaged in unprofessional and threatening behavior, damaging Plaintiff's reputation and resulting in loss of employment and future opportunities.

**Count III – Discrimination (Title VII and Alaska Human Rights Act)**

14. Defendants subjected Plaintiff to discriminatory treatment based on her Alaska Native identity and medical condition, in violation of federal and state law.

**Count IV – Tortious Interference with Employment and Training Opportunities**

15. Defendants intentionally interfered with Plaintiff's ability to complete CDL training and maintain employment by communicating false information to the school district.

**Count V – Wrongful Termination (Alaska Public Policy and Retaliation)**

16. Plaintiff's termination violated Alaska's strong public policy protecting workers who report safety, wage, or discrimination concerns.

## VI. DAMAGES

17. As a direct result of Defendants' actions, Plaintiff suffered economic losses including lost wages, benefits, and CDL-related opportunities, as well as emotional distress, humiliation, and reputational harm.

18. Plaintiff seeks compensatory damages, back pay, penalty wages under AS 23.05.140, punitive damages, costs, and any further relief the Court deems just and proper.

## VII. DEMAND FOR JURY TRIAL

19. Plaintiff demands a trial by jury on all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against all Defendants, and award the following relief:

a. Back pay and front pay;

b. Compensatory and punitive damages;

c. Penalty wages under Alaska law;

d. Expungement of false records and restoration of CDL eligibility;

e. Costs, interest, and any other relief the Court deems just and proper.

Respectfully submitted,

_____

Corrine Biederman
1721 University Avenue South, Apartment C-8
Fairbanks, Alaska 99709
Phone: 907-251-6711
Email: cbiederman907@gmail.com
Plaintiff, Pro Se